UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  3/25/26
```

RACHELLE J.,

            Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

1:21-CV-05058 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

By motion dated September 30, 2025 (Dkt. 26), plaintiff Rachelle J. seeks an order, pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b), approving an award of $20,556.25 in fees to her attorney, representing 25% of the past due benefits payable to her by the Social Security Administration (SSA) for the work that the attorney performed in this action. For the reasons that follow, I will grant the motion in the full amount requested.

## Background

Plaintiff applied to the SSA for disability benefits in 2015 and 2016, but her claims were denied, and the Commissioner's decision became final on April 5, 2021. *See* Compl. (Dkt. 1) ¶¶ 6-14; Affirmation of Charles E. Binder (Binder Aff.) (Dkt. 28) ¶¶ 1-2. On May 3, 2021, plaintiff retained the law firm Charles E. Binder & Harry J. Binder Attorneys at Law, LLP (Binder and Binder), to file a civil action in this Court challenging the Commissioner's decision, and entered into a Retainer Agreement with Binder and Binder. *See* Binder Aff. Ex. A (Ret. Ag.) (Dkt. 29 at ECF pp. 1-3). Under the Retainer Agreement, if plaintiff secured a remand from this Court (which she did), and if, on remand, plaintiff secured an award of past-due benefits (which she has), Binder and Binder would be entitled to a fee of up to 25% of those past-due benefits as compensation for its work in this Court. Ret. Ag. at 1.

On June 8, 2021, through Binder and Binder, plaintiff filed this action. (Dkt. 1.) On November 17, 2021, the SSA filed the administrative record (Dkt. 15), and on March 18, 2022, plaintiff, through Binder and Binder, filed a motion for judgment on the pleadings and supporting memorandum. (Dkts. 19, 20.) On March 24, 2022, the parties stipulated to remand the action for further administrative proceedings. (Dkt. 21.) The Court so-ordered the remand on the same day. (Dkt. 22.) On April 25, 2022, the Court so-ordered the parties' stipulation awarding $7,800 in fees to Binder and Binder pursuant to the Equal Access to Justice Act (EAJA). (Dkt. 25.) However, those fees were entirely offset by plaintiff's federal debt, such that Binder and Binder did not receive any EAJA fees. *See* Binder Aff. ¶ 5 & Ex. B (Dkt. 29 at ECF pp. 4-5).

On May 22, 2024, on remand, the Administrative Law Judge found that plaintiff was disabled as of October 16, 2015. *See* Binder Aff. ¶ 6. On September 16, 2025, the SSA issued its Notice of Award advising plaintiff that she was entitled to past-due benefits in the amount of $82,225, from which the sum of $20,556.25 (25%) was withheld to cover a possible attorneys' fee request. *See* Binder Aff. ¶¶ 12-13; *id*. Ex. D (Not. of Award) (Dkt. 29 at ECF pp. 8-13) at 2. Fourteen days later, plaintiff filed the instant motion, seeking an award of the full $20,556.25 to Binder and Binder pursuant to § 406(b).

The Commissioner does not object to plaintiff's motion but asks that the Court consider the reasonableness of the requested award. See Comm. Resp. (Dkt. 35) at 1-2.

### **Legal Standards**

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to

subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A).

When considering a motion for attorneys' fees pursuant to § 406(b), the court first determines whether it was timely filed, *see Sinkler v. Berryhill*, 932 F.3d 83, 86-90 (2d Cir. 2019), and then reviews the request for reasonableness. *Id.* at 90-91. The "applicable limitations period for filing § 406(b) motions" is the fourteen-day period set out in Fed. R. Civ. P. 54(d)(2)(B). *Sinkler*, 932 F.3d at 87-88.

As to reasonableness, the Supreme Court has made it clear that § 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Rather, § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. "Factors to be considered when determining whether an award is reasonable include: (a) whether the contingency fee is within the twenty-five percent limit; (b) whether the retainer was the result of fraud or overreaching by the attorney; and (c) whether the attorney would enjoy a windfall relative to the services provided." *Pelaez v. Berryhill*, 2017 WL 6389162, at *1 (S.D.N.Y. Dec. 14, 2017) (quoting *Vaupen v. Colvin*, 2017 WL 2304015, at *2 (S.D.N.Y. May 8, 2017)), *adopted*, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

## **Application**

Plaintiff's fee application was filed on September 30, 2025, fourteen days after the date on the Notice of Award, and is therefore timely.

Turning to the merits, I find that the *Pelaez* factors all weigh in favor of plaintiff's request. The requested $20,556.25 fee represents 25% of plaintiff's award, as authorized by 42 U.S.C. § 406(b)(1)(A) and contemplated by the Retainer Agreement, and there is no suggestion in the record that the Retainer Agreement was the result of fraud or overreach. Thus, the only remaining question is whether the requested award "is so large as to be a windfall." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Attorney Charles E. Binder spent 3.3 hours, and attorney Daniel S. Jones spent 32 hours, working on plaintiff's case at the federal court level. Binder Aff. ¶¶ 8, 10. The firm's time records show that attorneys Binder and Jones spent a total of 35.3 hours reviewing the record, drafting plaintiff's motion papers, and managing the case. *See* Binder Aff. Ex. C (Dkt. 29 at ECF pp. 6-7).

Dividing the requested $20,556.25 by the 35.3 attorney hours expended on this action yields a de facto hourly rate of $582.33. Although this rate might raise eyebrows in a social security case if reviewed "as part of a traditional 'lodestar' analysis, a 'lodestar' analysis does not apply" under § 406(b). *Baron v. Astrue*, 311 F. Supp. 3d 633, 637 (S.D.N.Y. 2018). "[E]ven a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields v. Kijakazi*, 24 F.4th 845, 854 (2d Cir. 2022). Thus, before reducing a § 406(b) fee award on "windfall" grounds, our Circuit requires that the court consider:

(i)     the "ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do";

(ii)    "the nature and length of the professional relationship with the claimant – including any representation at the agency level";

(iii)   "the satisfaction of the disabled claimant"; and

(iv)    "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result."

*Id.* at 854-55.

Attorney Binder is an experienced social security litigator who has spent many years working almost exclusively on Social Security disability cases both at the administrative and federal court level. *See* Binder Aff. ¶ 11. Likewise, attorney Jones has practiced exclusively in the area of federal court appeals of Social Security disability claims for over a decade, and has worked on over a thousand cases. *Id*. at ¶ 9. In this case, attorneys Binder and Jones digested a 1,116-page administrative record, prepared a dispositive motion, together with a 25-page supporting memorandum, and on March 24, 2022, secured a stipulation remanding the matter to the SSA without the need for further litigation. Consequently, the "ability and expertise of the lawyers," *Fields*, 24 F.4th at 854, furnishes no basis for reducing the requested fee.

Insofar as the record reflects, Binder and Binder began representing plaintiff on May 3, 2021, to seek review of the Commissioner's adverse final decision in this Court, and completed that assignment on March 24, 2022, when the case was remanded to the agency. Given the successful outcome in this Court, followed by a robust award on remand, the Court presumes, in the absence of any contrary evidence, that plaintiff was satisfied with the quality of representation she received from her federal court attorneys.

Finally, there is never any guarantee that a contingency case will be successful. "Lawyers who operate on contingency – even the very best ones – lose a significant number of their cases and receive no compensation when they do." *Fields*, 24 F.4th at 855; *see also Wells*, 907 F.2d at 371 ("[P]ayment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."). Here, Binder and Binder faced an uncertain outcome but persisted in its representation and ultimately won a favorable outcome for its client.

For these reasons, I conclude that the $20,556.25 now requested does not constitute a prohibited windfall to plaintiff's attorneys.

As noted above, Binder and Binder did not receive any EAJA fees, because the $7,800 awarded was wholly offset by plaintiffs' federal debt. *See* Binder Aff. Ex. B. The Commissioner agrees with this proposition. *See* Comm. Resp. at 2. Consequently, there is no need to reimburse plaintiff any EAJA fee.

### Conclusion

For the reasons set forth above, plaintiff's motion (Dkt. 26) is hereby GRANTED. Plaintiff's attorneys at Charles E. Binder & Harry J. Binder Attorneys at Law, LLP are awarded attorneys' fees in the amount of $20,556.25, to be paid out of plaintiff's past-due benefits, from the monies retained by the Commissioner for that purpose.

The Clerk of Court is respectfully directed to close the motion at Dkt. 26.

Dated: New York, New York  
      March 25, 2026

SO ORDERED.

**BARBARA MOSES**  
**United States Magistrate Judge**